1JPER CURIAM.
Granted. The ruling of the trial court granting respondent’s motion to suppress evidence is vacated, and this case is remanded for further proceedings.
The antagonism that the police informant, a 15 year old juvenile under arrest for possession of over 300 small bags of marijuana, may have felt towards respondent, his father and the source of his marijuana, whom the juvenile believed had sent an armed party to break into his apartment for purposes of reclaiming the stolen drugs, may explain the informant’s motivation for providing the information which formed the basis of the search warrant for respondent’s home. The informant’s desire to help himself on his own charge by currying favor with the police may also have motivated his statement to the police. Nevertheless, that the police had an articulable basis for speculating about the motives of their informant did not necessarily require them to reject the information he provided as not worthy of belief. The informant had first conferred with his mother and then gave his detailed statement in her presence, and the officers confirmed that respondent had a prior *1068 drug-related conviction. The officers then sought the approval of a magistrate for the search on the basis of an affidavit which fully disclosed the circumstances under which the informant 1 ¡.provided his information for a judicial determination of whether the officers were entitled to act on their informant’s tip. Given the possible motives of the informant, and the failure of the police to corroborate his information by placing the targeted premises under surveillance, the question of probable cause is a close one in the present case. However, ‘“the resolution of doubtful or marginal cases in this area should be largely determined by the preference to be accorded warrants.’ ” Illinois v. Gates, 462 U.S. 213, 237, 103 S.Ct. 2317, 2331, 76 L.Ed.2d 527 (1983) (quoting United States v. Ventresca, 380 U.S. 102, 109, 85 S.Ct. 741, 746, 13 L.Ed.2d 684 (1965)). We cannot say that the warrant affidavit appeared so deficient that by authorizing the search the magistrate failed to act in a neutral and detached manner and that by executing it the officers acted under circumstances in which they could not have reasonably believed the warrant was valid. United States v. Leon, 468 U.S. 897, 923, 104 S.Ct. 3405, 3421, 82 L.Ed.2d 677 (1984).
LEMMON, J., would grant and docket the writ.